FILED
JAN 10 2012
PATRICK E. DUFFY, CLERK
BY _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| LUCIEN S. BONCK, III,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, YELLOWSTONE COUNTY DETENTION CENTER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV-11-48-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 21*) with respect to Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. *Doc. 1.* Judge Ostby recommends the petition be denied on the merits.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Petitioner has filed

1

timely objections. *Doc. 22.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Petitioner's objections are overruled.

The § 2254 petition alleges that Bonck pled guilty while he was on medication and after "hours of badgering by my lawyer." Pet. (*Doc. 1*) at 4 ¶ 15A. Bonck also alleges that he received, after he pled guilty, discovery proving he had no contact with the victims; he has phone records that prove he "was not even there"; and he did not receive the presentence investigation report. Pet. at 4-5 ¶ 15B. He wishes to withdraw his guilty plea and proceed to trial. *Id.* at 6 ¶ 18.

A guilty plea must be the voluntary expression of the defendant's own choice. *Brady v. United States*, 397 U.S. 742, 748 (1970).

> A defendant who enters [a guilty] plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.

*McCarthy v. United States*, 394 U.S. 459, 466 (1969) (internal citations, quotation marks, and footnotes omitted).

### A. Medication Use and Urging by Counsel

Bonck developed most of the facts in support of this claim in state court, but he also requested additional testimony as to his prescription medications from a witness who had already been excused. *See* Record Ex. D2 at 2:16-4:15. Because he did not request a continuance to obtain that witness's testimony, did not object to the trial court's ruling without further testimony from her, and did not appeal on that basis, he did not make a reasonable effort to obtain additional testimony from her. He could have obtained such evidence at least at the time of the May 2010 hearing, if not sooner. He cannot meet the criterion of § 2254(e)(2)(A)(ii), and the state court record stands as is.

The issue, therefore, is whether the evidence in the state court record carries Bonck's burden of proof and shows that he should prevail.

Bonck's claim of confusion resulting from prescription medications is a claim that he was not competent to enter a guilty plea. *E.g., McMurtrey v. Ryan*, 539 F.3d 1112, 1125-26 (9th Cir. 2008). To be competent, a defendant must be able "to consult with his lawyer with a reasonable degree of rational understanding" and have a "rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1998) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). But "[a]

3

competency determination is necessary only when a court has reason to doubt the defendant's competence." *Moran*, 509 U.S. at 402 n.13; *see also Drope v. Missouri*, 420 U.S. 162, 180 (1975). Further, in collateral proceedings attacking a previously entered criminal judgment, the prisoner has the burden of proving that he was not competent at the time he changed his plea. *See McKinney v. United States*, 487 F.2d 948, 949 (9th Cir. 1973).

Bonck gave no indication at the change of plea hearing that his competency should be questioned. He acknowledged that he read, understood, agreed with, and signed the plea agreement. Change of Plea Tr. at 4:9-5:1. He understood he was relinquishing "a wide variety of constitutional rights," which were described both orally by the trial court, *id.* at 5:2-6:6, and in paragraphs 3 and 4 of the Plea Agreement, see Pet. Ex. (doc. 1-2 at 28 ¶¶ 3-4). He specifically understood he was relinquishing his speedy trial motion and any and all complaints against previous counsel. *Id.* at 6:7-7:13. When asked questions that should have brought any confusion to light, he responded in an unexceptional way:

> The Court: Are you suffering from any disabilities or are you under the influence of alcohol or drugs?
>
> Bonck: No, sir.
>
> The Court: Are you satisfied with the services of [sic] Mr. Michael has given you?

4

>Bonck: Yes, sir.
>
>The Court: And have you had enough time to think about this so that you want to plead guilty today?
>
>Bonck: Yes, sir.

Change of Plea Tr. at 8:1-10. He knew what a guilty plea was, Record Ex. D2 at 20:3-26:17, and he said he was guilty, and he described his crime. Change of Plea Tr. at 8:16-9:20. The record reveals no sign that Bonck was even mildly confused, much less incompetent, at the change of plea hearing.

The decision whether to plead guilty or go to trial is the defendant's, not counsel's. Even if counsel correctly believes a guilty plea is the only realistic and reasonable choice, a defendant cannot be coerced into taking it. Actions of defense counsel may render a plea involuntary and thus violate due process. E.g., *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986).

A counsel-coercion claim is analyzed like a claim that a confession to police was involuntary: the central question is whether the defendant's will was overborne. *Id.*; *see also Miller v. Fenton*, 474 U.S. 104, 109-10 (1985), cited in *Iaea*, 800 F.2d at 866; *Amaya-Ruiz v. Stewart*, 121 F.3d 486, 494 (9th Cir. 1997) (quoting *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir. 1990)). "The line of distinction is that at which governing self-direction is lost and *compulsion, of*

5

*whatever nature or however infused*, propels or helps to propel the [plea]." *Collazo v. Estelle*, 940 F.2d 411, 416 (9th Cir. 1991) (en banc) (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)) (emphasis in *Collazo*). On the other hand, "[m]ere advice or strong urging . . . to plead guilty based on the strength of the state's case does not constitute undue coercion." *Iaea*, 800 F.2d at 867; *see also, e.g., United States v. Mitchell*, 633 F.3d 997, 1002 (10th Cir. 2011) (discussing *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996)).

Although the record developed in state court shows a great deal of strong urging, that is all it shows. Bonck, defense investigator Stovall, and defense and prosecuting counsel were at the courthouse for a pretrial conference when plea negotiations commenced. Record Ex. D1 at 31:19-33:10, 60:13-17. Bonck and his attorney clearly had some disagreements.

The specific testimony about the nature of the negotiations outweighs the general fact that Bonck, counsel, and the prosecution engaged in a difficult, five-hour bargaining session. The record does not show that defense counsel overcame Bonck's will.

### B. Discovery and Phone Records

None of this evidence goes to Bonck's conviction for sexual intercourse without consent involving K.C., an eight-year-old boy, in August 2002 – the only

6

conviction at issue. K.K. is K.M.'s mother. K.M. and L.C. are not boys and were not eight years old, and the incidents involving them were alleged to have occurred in June 2002, not August. See Resp. to Order to Show Cause Exs. C1-C2, E2, E3, E24, E31, G1, H2, I1, J1-J5; Change of Plea Tr. at 8:16-17; Plea Agreement (Pet. Ex. 2 (doc. 1-2 at 28)); Record Ex. G at 5.

Even assuming, for the sake of argument, that this evidence would have led to Bonck's acquittal at trial on the charges that were dismissed pursuant to his plea agreement, it has no bearing on the only conviction at issue here, nor does it establish that Bonck's guilty plea was unknowing, unintelligent, or otherwise invalid. Bonck has never, throughout his extensive efforts to undo his 2004 guilty plea, claimed that he did not commit the only crime of which he was actually convicted. There is nothing unlawful about the State's dismissal of charges the defendant does not believe can be proved beyond a reasonable doubt, whether on its own motion or pursuant to a plea agreement.

## C. Presentence Report

A sentence based on materially incorrect information or assumptions violates due process, *see, e.g., United States v. Tucker*, 404 U.S. 443 (1972), *Townsend v. Burke*, 334 U.S. 736, 740 (1948). But the only sentence at issue here is the one Bonck and the State agreed to. At the sentencing hearing, Bonck's

counsel explained that he believed any inaccuracies in the report could be challenged if they became relevant to a revocation proceeding. Record Ex. A at 2:4-14. The trial court did not rely on the presentence report in any way, imposing instead the sentence Bonck bargained for. Nor does Bonck identify any inaccuracy in the presentence report. Bonck's failure to receive the presentence report at the time of his sentencing does not make unconstitutional his continued custody on the conviction at issue here.

### D. Certificate of Appealability

Although Bonck seeks to withdraw his guilty plea, he does not claim he did not commit the crime to which he pled guilty, nor does he claim he wanted to go to trial on that charge. He has not identified any aspect of the rights or defenses he waived, the legal consequences he incurred, or the evidence he believed would be used against him that he failed to understand at the time he pled guilty to the crime involving K.C.

He contests evidence underlying charges that were dismissed pursuant to the plea agreement he seeks to undo. If his guilty plea was constitutionally invalid, of course, it does not matter what Bonck's true aims in litigating his plea may be; but the fact that he waived his opportunity to contest the dismissed charges does not convert a knowing, voluntary, and intelligent guilty plea to a

different crime into an involuntary one. To the extent the State could not or did not want to prove the dismissed charges beyond a reasonable doubt at trial, it could have dismissed them without a plea agreement. To the extent it could have proved them, Bonck was not prejudiced by their dismissal.

The state court record has been filed and is closed under 28 U.S.C. § 2254(e)(2). Nothing about the plea agreement or the plea colloquy suggests anything less than a knowing, voluntary, intelligent, and advantageous plea for Bonck. The testimony at the evidentiary hearing does not support Bonck's claim that he was "confused" by the effects of prescription medication. Bonck was competent, alert, and fully participated in the plea bargaining of his case at the time he decided to plead guilty. Likewise, the record does not support Bonck's claim that his attorney coerced him into pleading guilty. Bonck was stoutly resolute about the sentence he was willing to accept and repeatedly sent his lawyer back to the prosecution to extract further concessions. There is no evidence in the record that Bonck's prescription medications, combined with his counsel's strong urging to plead guilty, rendered his guilty plea involuntary. Bonck's interaction with his counsel was wholly inconsistent with his claim that his medications caused him to be confused.

Bonck claims that he has new evidence in the form of inconsistent statements and phone records, but the evidence goes to the dismissed charges, not the crime to which Bonck pled guilty. Finally, assuming Bonck did not receive the presentence report, he identifies no inaccuracy in it, and it was not used against him in any way because his sentence was set forth in the plea agreement, which was binding on the trial court.

## CONCLUSION

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Petition is **DENIED**. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is **DENIED**.

DATED this 10 day of January, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE